1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHOR LOR,                              No.  2:18-cv-1046-KJN

12                     Plaintiff,

13          v.                               ORDER ON PARTIES' CROSS MOTIONS
                                             FOR SUMMARY JUDGMENT
14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                     Defendant.
16

17          Plaintiff Chor Lor seeks judicial review of a final decision by the Commissioner of Social

18   Security.  The Commissioner found that Plaintiff received multiple overpayments due to her

19   ineligibility for benefits over a two–year period.[1]  Plaintiff contends her bank account showed

20   more than $2,000 because it contained proceeds from an oral loan from her children.  The ALJ

21   found no evidence of a loan, discredited the testimony supporting Plaintiff's assertions, and

22   ordered repayment in the amount of $11,442.20.

23          After carefully considering the record and the parties' briefing, the Court DENIES

24   Plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for

25   summary judgment, and AFFIRMS the Commissioner's final decision.

26   ─────────────────────

27   [1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and all parties
     consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28
28   U.S.C. § 636(c).  (ECF Nos. 8, 10.)

                                          1

1      **Background**

2          Plaintiff filed an application for supplemental security income (SSI) in May 2005, and in

3      2007 was found to be medically disabled.  (ECF No. 13–3 at p. 20.)  In 2012, the Commissioner

4      opened a review of Plaintiff's eligibility, and subsequently discovered that for a two–year period

5      between March 2013 and March 2015, Plaintiff's bank account contained over $2,000.  (Id.)  The

6      Commissioner determined that Plaintiff had been overpaid (pursuant to 42 U.S.C. § 1382) and

7      ordered repayment of $11,442.20.  Plaintiff requested a hearing.  (Id.)

8          At the January 19, 2016 hearing before an Administrative Law Judge, Plaintiff testified

9      she deposited a $1,500 loan from her children into the account because her bank required a

10     minimum balance of $1,500 to avoid a service fee.  (See Id. at pp. 29–30; p. 151 [Account

11     Summary])  Plaintiff stated her agreement with her children was that once the account was

12     closed, she would pay her children back.  (Id. at p. 136.)  Plaintiff's son testified that no

13     paperwork existed for this loan, but that he and his sister pulled money from their accounts to

14     make the initial deposit.  (Id. at p. 33)  Plaintiff was unaware of the $2,000 limit due to her

15     inability to read or write English, indicated she often lost track of her money, and when she made

16     withdrawals, she would "hand over her debit card and identification" to the teller, "make a

17     gesture," and the teller would give her "whatever the amount they thought was right."  (Id. at pp.

18     34–35.)

19         On March 2, 2016, the ALJ affirmed the determination.  (ECF No. 13–3 at pp. 20–24.)  In

20     the written decision, the ALJ cited provisions of law that set a $2,000 cap on resources, which are

21     defined as "cash or other liquid assets," including checking accounts.  (Id. at p. 20–21.) (citing 42

22     U.S.C. § 1382 and 20 C.F.R. § 416.1201).  The ALJ recounted facts regarding Plaintiff's initial

23     eligibility for SSI, the Commission's review, and the initial determination of her ineligibility for

24     the two–year period resulting in the $11,442.20 overpayment.  (Id. at p. 21.)  The ALJ then

25     recounted Plaintiff's evidence concerning the $1,500, but found it "insufficient to establish that

26     [Plaintiff's] resources were under the allowable limit[.]"  (Id. at p. 22.)  He stated:

27             [I]t is unclear when this loan occurred and there is no evidence of the initial
               deposit.  Between 2007 and 2008, claimant received SSI installment payments of
28

                                                    2

over $1,500.00 on three occasions, so the initial deposit could easily have come
from her own money, and she had the ability to repay this alleged loan, at those
times as well. Thus, the allegation that $1,500.00 was from an original loan has no
evidence to substantiate it.

(Id.)  The ALJ noted that Plaintiff's asserted unawareness of the $2,000 limit, due to her inability

to read or write English and her "los[ing] track of her money."  (Id.)  However, the ALJ cited to

multiple instances in the record where the standard notification was sent to Plaintiff, and noted

that at one point she withdrew "just enough money to get below the $2,000 limit."  (Id.)  Finally,

the ALJ found "dubious" Plaintiff's assertion that when she would withdraw funds from her

account, she would "hand over her debit card and identification" to the teller, "make a gesture,"

and the teller would give her "whatever the amount they thought was right."  (Id.)  Thus, the ALJ

affirmed the determination that Plaintiff  "was not eligible for SSI for the period between March

2013 and March 2015 because her resources were over the allowable limit."  (Id. at p. 20.)

　　　　Plaintiff requested review from the Commission's Appeals Council, who affirmed.

Plaintiff then filed the instant action, and the parties filed cross–motions for summary judgment.

**Parties' Arguments**

　　　　On appeal to this Court, Plaintiff contends the ALJ's finding (that the $1,500 was not a

loan) was not supported by substantial evidence, and that the ALJ applied an incorrect legal

standard as to whether the funds were proceeds of a loan.  Plaintiff also contends the ALJ failed

to set forth clear and convincing reasons why he discredited Plaintiff's testimony regarding her

ignorance of the $2,000 limit.  Plaintiff thus requests the Court apply California law, find that the

$1,500 in her account is proceeds of a valid loan, and enter summary judgment reversing the

overpayment order.  Alternatively, Plaintiff requests the Court remand the case for the ALJ to

apply California law to the $1,500 as a valid oral loan.

　　　　Defendant contends each of these findings (that the $1,500 was not a loan, and that

Plaintiff was likely aware of the $2,000 limit) rest on the ALJ's credibility determinations, which

are not to be substituted by the opinions of a reviewing court.  Further, Defendant argues that any

conflicts apparent in the evidence are for the ALJ to resolve.  Defendant maintains that substantial

1   evidence exists to support the ALJ's conclusions, and that the ALJ's report sets forth sufficient

2   findings and rationale.  Thus, Defendant requests the Court affirm the ALJ's decision.

3   **Legal Standard**

4   The Court reviews the Commissioner's decision to determine whether (1) it is based on

5   proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

6   as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

7   evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

8   F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

9   mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

10  Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

11  responsible for determining credibility, resolving conflicts in medical testimony, and resolving

12  ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The

13  court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

14  interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

15  **Analysis**

16  Section 1611(a)(1)(B) of the Social Security Act states that for an unmarried claimant to

17  be eligible for benefits, she must not have more than $2,000 in resources.  42 U.S.C. § 1382.

18  Resources are defined as, among other things, "cash or other liquid assets," which may include

19  "financial institution accounts (including savings, checking, and time deposits)."  20 C.F.R.

20  416.1201(a) and (b).  Not included as a resource are proceeds of a loan.  20 C.F.R. 416.1103(f).

21  Loans come in many forms, but must be enforceable under state law.  See Ceguerra v. Secretary

22  of Health and Human Services, 933 F.2d 735, 738 (9th Cir. 1991); see also Title XVI: SSI Loan

23  Policy, SSR 92-8P[2] (S.S.A. Sept. 8, 1992) (defining a loan as "an advance from lender to

24  borrower that the borrower must repay, with or without interest" that applies to any oral or written

25  agreement, and can include a "noncommercial loan (between relatives, friends or others) that is

26  _____

27  [2] Policies like these are binding on the Commission, per 20 C.F.R. 402.35(b)(1), but not on the
    courts.  Paxton v. Sec'y of Health & Human Servs., 856 F.2d 1352, 1356 (9th Cir. 1988)
    (reminding that the SSR interpretive rulings "do not have the force and effect of the law or
28  regulations[,]" but "are often given deference.").

4

1  recognized as enforceable under State law."). It is the claimant's burden to prove a loan exists.

2  Ceguerra, 933 F.2d at 738; see also SSR 92-8P.

3      It is clear from the ALJ's report that Plaintiff and her son testified to material terms of a

4  loan that comport with California law. Cal. Civ. Code § 1912 states "[a] loan of money is a

5  contract by which one delivers a sum of money to another, and the latter agrees to return at a

6  future time a sum equivalent to that which he borrowed." Plaintiff asserted that she borrowed

7  money from her children, in the amount of $1500, and would repay the $1500 when her bank

8  account was closed. (See ECF No. 13–3 at p. 21.); see also Peterson Dev. Co. v. Torrey Pines

9  Bank, 233 Cal.App.3d 103, 115 (1991) ("The material terms of a loan include the identity of the

10  lender and borrower, the amount of the loan, and the terms for repayment.").

11      The problem for Plaintiff, however, is not that the ALJ failed to consider these assertions

12  in the context of California loan law, but that he found their testimony to lack credibility. The

13  ALJ noted that no paperwork existed to evince the existence of a loan or the source of the funds

14  for the initial deposit. (Id.) True, California law does not *require* a written document to support a

15  loan agreement (see Cal. Civ. Code § 1622), but the law *does* place the burden on Plaintiff to

16  submit some evidence to support her argument that $1500 in her account came from a loan. See

17  Ceguerra, 933 F.2d at 738; SSR 92-8P (noting the burden to provide evidence of a bona fide loan

18  "is with the applicant or recipient"). The ALJ questioned Plaintiff's and her son's credibility in

19  light of other portions of their testimony, including that at one point she withdrew "just enough

20  money to get below the $2,000 limit," and that she would "hand over her debit card and

21  identification" to the teller, "make a gesture," and the teller would give her "whatever the amount

22  they thought was right." (See ECF No. 13–3 at pp. 21–22). Edlund, 253 F.3d at 1156 ("The ALJ

23  is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

24  ambiguities."); see also Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (stating that "ordinary

25  techniques of credibility evaluation" may be applied by the ALJ); Nyman v. Heckler, 779 F.2d

26  528, 531 (9th Cir. 1985) ("[A] claimant's self-serving statements may be disregarded to the extent

27  they are unsupported by objective findings."). Further, the ALJ relied on the fact that the

28  documentary evidence showed Plaintiff received SSI payments in excess of $1,500 at multiple

points prior when she opened the account, thus indicating to the ALJ an alternative rational source for Plaintiff's funds.  (ECF No. 13–3 at p. 22.); Diedrich v. Berryhill, 874 F.3d 634, 640 (9th Cir. 2017) (holding that lay testimony is evidence unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."); Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) ("If an ALJ disregards the testimony of a lay witness, the ALJ must provide [specific] reasons that are germane to each witness.") (cleaned up); Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, it is proper for us to read the opinion and draw inferences if those inferences are there to be drawn.") (cleaned up).  Thus, given that Plaintiff's evidence of the purported loan was discredited testimony, the ALJ could not find an oral loan under California law.  Tommasetti, 533 F.3d at 1038 ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."); see also King v. Astrue, 2011 WL 672800, *3 (S.D. Cal. Feb. 18, 2011) (upholding the ALJ's determination that no bona fide loan exists where the plaintiff introduced no original loan documents of any kind, and where the record required balancing of other evidence and testimony).

Plaintiff cites to Ceguerra for support that the ALJ failed to apply California law; however, Ceguerra is distinguishable.  There, the Ninth Circuit specifically noted that the ALJ, in determining an oral loan did not exist where the plaintiff's evidence was testimonial, "did not find that the testimony lacked credibility"; thus, the court deemed the testimony credible, and held the ALJ's decision lacked substantial evidence.  933 F.2d at 738–39.  In Plaintiff's case here, the ALJ did make credibility determinations, discrediting Plaintiff's evidence, and thus found no credible evidence existed as to the purported loan.  (ECF No. 13–3 at pp. 21–22.)

Additionally, Plaintiff requests review of the ALJ's discrediting of her testimony that she was unaware of the $2,000 limitation.  See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (stating that when an ALJ finds a claimant's testimony unreliable, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.").  The Court finds that ALJ did not err in discrediting this testimony.  The ALJ noted that the Commission had provided her with multiple notifications of the limit, and—

more importantly—noted her bank records indicated that at one point she had withdrawn "just enough money to get below the $2,000 limit." (ECF No. 13–3 at p. 22.) The ALJ also found as "highly dubious" Plaintiff's assertion that when she would withdraw funds from her account, she would "hand over her debit card and identification" to the teller, "make a gesture," and the teller would give her "whatever the amount they thought was right." (Id.) This evidence led the ALJ to discredit Plaintiff's testimony and conclude she had "manipulated the account to [her] advantage." (Id.) See Fair, 885 F.2d at 604; see also Woodmass v. Berryhill, 707 F. App'x 432, 436 (9th Cir. 2017) (finding no error in a credibility determination where the ALJ referred to the plaintiff's specific testimony, explained his reasons for discounting it, and cited evidence in the record to support the decision). Thus, the Court is bound to accept the ALJ's credibility determinations—despite that the evidence is "susceptible to more than one rational interpretation." Tommasetti, 533 F.3d at 1038; Morgan, 169 F.3d at 599.

For these reasons, the ALJ did not err in finding Plaintiff received overpayments because her resources were over the allowable limit, and his findings are based upon substantial evidence.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.     The Commissioner's motion for summary judgment (ECF No. 17) is GRANTED, the ALJ's decision is AFFIRMED, and judgment is entered for Commissioner;

2.     Plaintiff's motion for summary judgment (ECF No. 16) is DENIED; and

3.     The Clerk of Court shall close this case.

Dated: August 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lor.1046

7